## Conveyances by General State Authority

MILLER, Deputy Attorney General, April 14, 1954. —You inquire if it is proper for you, as Secretary of Property and Supplies, on behalf of the Commonwealth, to approve a deed for the conveyance by the General State Authority to a municipality of a small parcel of land not needed for the present or forseeable future requirements of the Commonwealth or of a project being erected by the General State Authority.

The small parcel in question is part of a larger acreage previously acquired by the Commonwealth, acting through the Water and Power Resources Board of the Department of Forests and Waters, and was conveyed by the Commonwealth to the General State Authority for the erection of an impounding basin thereon.

The larger parcel of land conveyed by the Commonwealth to the authority, with the improvements erected thereon by the authority, has been leased back to the Commonwealth acting by and through the Secretary of Property and Supplies, at a rental which will amortize the authority's investment in the project within a period of 30 years.

The General State Authority is a body corporate and politic, constituting a public corporation and governmental instrumentality, functioning under the provisions of The General State Authority Act of March 31, 1949, P. L. 372, as amended, 71 PS §1707.1 et seq.

The purposes and powers of the authority are set out in sections 4 and 5 of the act, as amended, 71 PS §§1707.4 and 1707.5.

Its authorized activities include constructing, improving, equipping, furnishing, maintaining, acquiring and operating a wide range of designated projects, as set out in section 4, and provides, inter alia, for:

". . . improvements to river embankments, desilting dams, impounding basins, flood control projects, and the purchase of lands for rehabilitation purposes in ·connection with state institutions . . . and the Authority is hereby granted and shall have and may exercise all powers necessary or convenient for the carrying out of the aforesaid purposes, including, but without limiting the generality of the foregoing, the following rights and powers . . .

"(d) To acquire, purchase, hold, and use any property, real, personal or mixed, tangible or intangible, or any interest therein necessary or desirable for carrying out the purposes of the Authority, and (without limitation of the foregoing) to lease as lessee, with the approval of the Governor, any property, real, personal or mixed, or any interest therein, for a term not exceeding ninety-nine (99) years at a nominal rental or at such annual rental as may be determined and, with the approval of the Governor, to lease as lessor to the Commonwealth of Pennsylvania and any city, county, school district, or other political subdivision, or any agency, department, or public body of the Commonwealth, or land grant college, any project at any

time constructed by the Authority, whether wholly or partially completed, and any property, real, personal or mixed, tangible or intangible, or any interest therein, at any time acquired by the Authority, whether wholly or partially completed, and with the approval of the Governor, to sell, transfer and convey to the Commonwealth of Pennsylvania, any project at any time constructed by the Authority, and any property, real, personal or mixed, tangible or intangible, or any interest therein, at any time acquired by the Authority . . .

"(n) To do all acts and things necessary or convenient to carry out the powers granted to it by this act or any other acts. . . ."

Section 12 of the act sets out in detail the procedure to be used in exercising its authority to acquire lands, or an interest therein, by purchase or eminent domain proceedings.

However, the act makes no provision for the conveyance of real estate, by the authority, to any other person or entity than the Commonwealth, as set out in section 4, paragraph (d) recited above, unless such authority can be implied from the general power and authority language in the act, including the provisions of section 4, paragraph (n).

If the general power and authority clauses are interpreted as including authority for the General State Authority to make a conveyance of land acquired by it, to any other person or entity than the Commonwealth, it would be necessary to find the General Assembly delegated authority for the adoption of procedures and the exercise of prerogatives in the sale and conveyance of land by implication. Such implied powers would be much broader than are vested in the several departments, boards and commissions of the Commonwealth which can only convey land when and in the

manner expressly authorized by the General Assembly or under spelled-out provisions established by The Administrative Code of 1929, the Act of April 9, 1929, P. L. 177, as amended, 71 PS §51.

Section 514 of The Administrative Code of 1929, as amended, 71 PS §194, provides in part as follows:

"(a) Except as otherwise in this act expressly provided, a department, board, or commission, shall not sell or exchange any real estate belonging to the Commonwealth, or grant any easement, right of way, or other interest over or in such real estate, without specific authority from the General Assembly so to do, . . . ."

If the General Assembly intended to clothe the General State Authority with the right to convey real estate to other entities than the Commonwealth, it is our conclusion that the right would have been spelled out, at least by express reference, in the act as was provided for in the case of the acquisition of land.

In 73 C. J. S. 371, §49, Public Administrative Bodies and Procedure, it is stated:

"The powers of administrative agencies, bodies or officials must affirmatively appear from the enactment under which they claim to act. The grant of power and authority to be exercised must be clear and unmistakable, particularly where the authority is conferred not in the course of the common law, and it must be by language which confers the authority and power involved, without being interpreted in a forced or strained sense, and which admits of no other reasonable construction. Any reasonable doubt as to the existence of any particular power should be resolved against it, . . . ."

See also Green et al. v. Milk Control Commission et al., 340 Pa. 1, 16 A. 2d 9 (1940); Harrisburg Dairies, Inc., v. Milk Control Commission et al., 340 Pa. 9, 16 A. 2d 12 (1940).

It is our conclusion, therefore, and you are accordingly advised, that under the existing provisions of The General State Authority Act of March 31, 1949, P. L. 372, as amended, 71 PS §1707.1, et seq., you, as Secretary of Property and Supplies, and acting for the Commonwealth, should forbear from approving a conveyance of land by the General State Authority to a municipality.